ACCEPTED
03-15-00505-CV
15270981
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/13/2017 12:55:25 AM
JEFFREY D. KYLE
CLERK

## No. 03-15-00505-CV

**IN THE THIRD COURT OF APPEALS OF TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/13/2017 12:55:25 AM
JEFFREY D. KYLE
Clerk

**DAVID A. ROGERS**
**Appellant**
**v.**

**GREGORIO "GREG" CASAR,**
**Appellee**

**Appeal from the 201st District Court**
**Travis County, Texas**

**FIRST AMENDED BRIEF OF APPELLANT**
**ON MOTION TO RECONSIDER THE COURT'S OPINION**
**And**
**ON MOTION TO RECONSIDER *EN BANC* THE COURT'S OPINION**

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
595 Round Rock West Drive,
Suite 101
Round Rock, TX 78681
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEY FOR APPELLANT

**ORAL ARGUMENT REQUESTED**

No. 03-15-00505-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

DAVID A. ROGERS,
**Appellant**
v.

GREGORIO "GREG" CASAR,
**Appellee**

Appeal from the 201st District Court
Travis County, Texas

FIRST AMENDED BRIEF OF APPELLANT
ON MOTION TO RECONSIDER THE COURT'S OPINION
And
ON MOTION TO RECONSIDER *EN BANC* THE COURT'S OPINION

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
595 Round Rock West Drive,
Suite 101
Round Rock, TX 78681
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel:

PARTIES

**Appellants/Plaintiffs:**

Dr. Laura Pressley

*Pro Se for Appellant Dr. Laura Pressley*

David A. Rogers
Texas Bar No. 24014089
595 Round Rock West Drive, Suite 101
Round Rock, TX 78681
512-923-1836 — Telephone
512-201-4082 — Facsimile
Email: Firm@DARogersLaw.com
*Pro Se*

**Appellees/Defendants:**

Charles 'Chuck' Herring Jr. 09534100
cherring@herring-irwin.com
Jess Irwin - 10425700
jess@herring-irwin.com
Lauren Ross – 24092001
laurenbross@herring-irwin.com
Herring & Irwin, L.L.P.
1411 West Avenue, Ste 100
Austin, TX  78701
Phone: 512-320-0665
Fax: (512) 519-7580

Kurt Kuhn – 24002433
Kurt@KuhnHobbs.com
KUHN HOBBS PLLC
3307 Northland Drive, # 310

Austin, Texas 78731
(512) 476-6000
(512) 476-6002- Facsimile
ATTORNEYS FOR APPELLEE, GREGORIO "GREG" CASAR

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………………………………iii

Table of Contents…………………………………………………………v

Index of Authorities………………………………………………………vi

Statement on Oral Argument………………………………………………1

Statement of the Case…………………………….…………………………1

Statement of Facts……………………………………………….…………2

Statement of Issues Presented……………………………..………4

Summary of Argument…………………………………………………5

Argument………………………………………………….…8

Prayer……………………………………………………..21

Certificate of Service……………………………………..………22

Certificate of Compliance………………………………..…23

Appendix 1 (Casar sworn finance reports)

Appendix 2  (Rogers' P&L for Pressley representation)

# INDEX OF AUTHORITIES

## TEXAS SUPREME COURT

*AIC Mgmt. v. Crews*, 246 S.W.3d 640 (Tex. 2008)…………….….…………..17
*Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson,* 209 S.W.3d 644  (Tex. 2006)…..17
*Low v. Henry*, 221 S.W.3d 609 (Tex. 2007) ………...………………….…..3, 8, 9
*R.R. Comm 'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S. W3d 619, (Tex. 2011) ……………………………………………….………...16
*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004)……...…8
*Tex. Dep't of Protective and Regulatory Services v. Mega Child Care*, 145 S.W.3d 170, 177 (Tex. 2004). …………..………………………………………….…..16

## TEXAS COURTS OF APPEALS

*Ebner v. First State Bank of Smithville*, 27 S.W.3d 287 (Tex. App.—Austin 2000)…………………………………………………………………………14
*In the Interest of T.K.W.*, 2010 Tex. App. LEXIS 1040, *11, 2010 WL 546584 (Tex. App. San Antonio Feb. 17, 2010)…………………………………...……8
*Randolph v. Jackson Walker, L.L.P.*, 29 S.W.3d 271 (Tex. App.-Houston [14th Dist.] 2000, pet. denied)…………………………………………….……8

## TEX. CONSTITUTION

Tex. Const., Art. 1, Sec. 16……………………………………………18-19

## STATUTES

Texas Civil Practice and Remedies Code Chapter 10 …………………..………6, 9
TEX. CIV. PRAC. & REM. CODE 10.004……………………………..……3-6, 8-11
Texas Election Code, Chapter  52……………………………………………..20
Texas Election Code, Sec. 128.001(a)(2)…………………………………..15, 20
Texas Election Code, Sec. 213.016…………………………………….....15, 17
Texas Government Code 311.011 (b)……………………………………….17

## TEXAS RULES OF CIVIL PROCEDURE

Texas Rule of Civil Procedure 11……………………………2, 4, 7, 11-14

**TEXAS RULES OF EVIDENCE**

Tex. R. Evid.
201(c)(2)…………………………………………………………19, 20

**OTHER AUTHORITIES**

Notes of Advisory Committee on Rules—1993 Amendment
https://www.law.cornell.edu/rules/frcp/rule_11 ………………..……………..11-12

**TO THE HONORABLE THIRD DISTRICT COURT OF APPEALS:**

1.      Appellant, David A. Rogers (hereinafter "Rogers"), hereby moves that the honorable Court of Appeals reconsider, as a panel or, in the alternative *en banc*, and reverse the sanctions[1] order of the district court and render a decision denying or modifying the sanctions against Rogers.  In support of this motion Rogers shows this honorable Court as follows:

## Statement on Oral Argument

2.      Oral argument is requested because this sanctions argument is legally complex and the allegations regarding evidence may appear somewhat perplexing.

## Statement of the Case

3.      Appellant Rogers represented Dr. Laura Pressley ("Pressley") in a contested 2014 run-off election for the District 4 City Counsel seat of Austin, Travis County, Texas. Pressley is a *pro se* Appellant of said contest in consolidated Appeal Number 03-15-00368-CV.

4.      Appellee Gregorio "Greg" Casar ("Casar") is the contestee in Pressley's action.  The trial court held that Casar won the run-off in said election.

---

[1] Throughout this brief, Rogers will refer to "sanctionable conduct."  Rogers does not concede that the conduct was properly found to be sanctionable, to the extent such concession might bar further appeal.  Rather, Rogers makes a conditional, *arguendo* concession.  Even if the conduct was sanctionable, the sanction was excessive.

5.     Rogers asserts that the trial court, Honorable Dan Mills presiding, erred in granting sanctions against Rogers. The motion for sanctions was based on the factual allegations asserted in the 5th and 6th Amended Contests.[2]

6.     The Trial Court and the panel failed to properly apply pertinent provisions of TRCP Rule 11 regarding open court agreements, and the plain language of Texas Civil Practice and Remedies Code Chapter 10 limiting sanctions awards. In addition, newly created sworn public admissions by Casar fatally undermine claims as to fees incurred.

### Statement of Facts

7.     Rogers adopts, incorporates, and includes by reference the Statement of Facts in his Appeal Brief as if fully set forth herein.  Rogers adds the following facts, asking the Court to take judicial notice of public records under Tex. R. Evid. 201(c)(2), created by Casar and sworn by him under penalty of perjury.[3]   Relevant

---

[2] In Casar's Amended Motion for Sanctions, filed 5-22-2015, Casar complained of the 6th Amended Contest, which omitted some of the materials complained of in the 5th Amended Contest.  (080715 CR 3-7) Similar complaints were made in the Second and Third Amended Motion for Sanctions, filed 6-12-2015. (080715 CR 8-12)  (072915 CR 1934-1939)

[3] The URLs for these filings are: http://www.austintexas.gov/edims/document.cfm?id=234975 (July 15, 2015)
 http://www.austintexas.gov/edims/document.cfm?id=246589 (Jan 15, 2016);
http://www.austintexas.gov/edims/document.cfm?id=258181 (July 15, 2016);
http://www.austintexas.gov/edims/document.cfm?id=264497 (Oct 11, 2016);
http://www.austintexas.gov/edims/document.cfm?id=265620 (Oct. 31, 2016);
http://www.austintexas.gov/edims/document.cfm?id=265717 (Nov. 2, 2016);
http://austintexas.gov/cityclerk/elections/2016campaignfinancereporting.htm ;
http://www.austintexas.gov/edims/document.cfm?id=269909 (Jan. 17, 2017)
These are official City of Austin Records, maintained on the City of Austin website, the accuracy of which is sworn to by Mr. Casar on the second page of each report.

excerpts of these official City of Austin records and a summary chart are attached as an Appendix. Casar's sworn campaign finance records reveal payment of $23,350 in legal fees to three law firms and $7,794.44 in legal costs. His sworn statements show no incurred but unpaid costs and fees

8. No evidence was presented that Rogers possessed the ability to pay such a large sanction; therefore, no controverting evidence was produced. If such evidence had been put forward, it would have shown that Rogers' law firm *lost* $16,881.04 during the six months it represented Pressley, mainly due to Pressley's non-payment of large agreed expenses. *See* attached Appendix 2. The only "evidence" pointed to by the trial court and the panel regarding Rogers' ability to pay sanctions[4] was a post Motion for Summary Judgment settlement agreement, prior to the conclusion of the sanctions hearing, in which Rogers' reduced his fee to Pressley by over $40,000. Rather than evidence of Rogers' ability to sustain a

---

[4] Ability to pay sanctions awards is a factor required to be considered in assessing sanctions under the *Low v. Henry*, 221 S.W.3d 609 (Tex. 2007) decision, which explicates application of TEX. CIV. PRAC. & REM. CODE 10.004. The trial court addressed this factor in paragraph 75 of its decision, saying: "Rogers has assets and income sufficient to be able to pay a monetary sanction. Specifically, Rogers is a practicing attorney who charges approximately $350/hour. Additionally, Rogers testified he has the financial ability to be able to forgo legal fees of approximately $51,500 from Pressley." Rogers did not testify to that, nor is it true.
The court added in paragraph 148 of its decision, saying: "Rogers has the ability to earn income sufficient to justify the award of sanctions." In fact, the sanction combined with the non-payment by Pressley led Rogers to dramatically downsize his practice, ending employment of four contractors and reducing his physical space by more than 50%. Pressley's non-payment on this case alone was catastrophic for Rogers' practice, and there is no evidence in the record that he has the capability to pay the very large additional sanctions ordered by the trial court. *See also* panel opinion at 49.

further $50,000 loss, it strongly suggests the truth – that Rogers did NOT have the ability to pay such an enormous sanction.

## Statement of Issues Presented

9. **Issue 1.** The trial court erred by awarding sanctions against Rogers without applying the plain statutory language of Chapter 10 of the Civil Practices and Remedies Code.

10. **Sub issue 1-A**: 10.004(b) requires least severe sanctions. "The sanction must be limited to what is sufficient to deter repetition."

11. **Sub-issue 1-B**: 10.004 (c)(3) limits "an order to pay to the other party" to amounts actually "incurred" "because of the filing of the pleading or motion." Casar's public filings show the actual "incurred" amount was only $31,144.33. The sanctions ordered significantly exceeded this amount.

12. **Sub-issue 1-C**: 10.0004 (3) limits sanctions to amounts "actually incurred" "because of the filing of the pleading or motion," a "but/for" causation standard. Sanctions must be no more than the amount that actually incurred "because of" the "sanctionable" portions of the pleading.

13. **Issue 2**. The trial court and panel erred in holding that the right to seek sanctions was not foreclosed and barred by the Rule 11 agreement that all issues between the parties were resolved at the time the Rule 11 agreement was reached in open court. The panel omitted from consideration the relevant portion of Rule

that allows such agreements to be made in open court without attorney signatures.

14. Issue 3. The trial court and the panel erred in holding that a Cast Vote Record ("CVR") is necessarily a Ballot Image. A Ballot Image is a CVR. A tally sheet is a CVR. A database record is a CVR. But all CVRs are NOT Ballot Images. Travis County produces Database File Records, which are CVRs, but which are not Ballot Images. The statutes requires Ballot Images.



**Summary of Argument**

15. Rogers requests this honorable Appeals Court reverse and render, denying Casar's Motion for Sanctions against Rogers.

16. **Issue 1**. The trial court and the panel erred by awarding sanctions without applying the statutory plain language of the Civil Practices and Remedies Code, Chapter 10.

17. **Sub issue 1-A**: 10.004(b) requires least severe sanctions. "The sanction

must be limited to what is sufficient to deter repetition." Neither the trial court nor the panel made a finding that the sanctions imposed were limited to what is sufficient to deter repetition and no testimony or evidence as to what was necessary to deter repetition was given in court.

18. **Sub-issue 1-B**: 10.004 (c)(3) limits "an order to pay to the other party" to amounts actually "incurred" "because of the filing of the pleading or motion." Casar's public filings show that only $31,144.44 was actually jncurred. The sanctions ordered significantly exceed this amount. The maximum award, assuming *all* attorney's fees and *all* costs actually incurred were solely because of the filing of "sanctionable" portions of the pleading, therefore, is $31,144.44.

19. **Sub-issue 1-C**: 10.0004 (3) limits sanction to amounts "actually incurred" "because of the filing of the pleading or motion." This is a but/for causation standard. The sanctions must be limited to the amount that was incurred "because of" the "sanctionable" portions of the pleading. The trial court and panel admit that the CVR argument was not the basis of sanctions, so much of the cost "actually incurred" was not due to the "sanctionable" conduct. The trial court conceded this point yet it awarded 100% of "costs," to Casar; therefore, it has confessed that the award is in error.

20. The trial court and panel admit that the CVR argument was not the basis of sanctions, so much of the cost "actually incurred" was not due to the sanctionable

conduct. The trial court conceded this point yet it awarded 100% of "costs," to Casar; therefore, it has confessed that the award is in error.

21. **Issue 2**. The trial court and panel erred in holding that the right to seek sanctions was not foreclosed and barred by the Rule 11 agreement that all issues between the parties were resolved for purposes of imposing sanctions. The panel omitted from its consideration the relevant portion of Rule 11 that allows such agreements to be made in open court without signature of the attorneys.

22. **Issue 3**. The trial court and the panel erred in holding that a Cast Vote Record ("CVR") is necessarily a ballot image. A ballot image is a CVR. A tally sheet is a CVR. A database record is a CVR. But all CVRs are not ballot images. (All elephants are grey mammals but not all grey mammals are elephants.)



23. Travis County produces Database File Records, which are CVRs, but

which are not Ballot Images, which are required by statute.

**Argument and Authorities**

24.  **Issue 1.**  In ordering and upholding the sanctions imposed, the trial court and the panel ignored the plain language of Texas Civil Practice and Remedies Code Chapter 10. The courts cited 10.001, 10.002 and 10.004, but did not engage in analysis of the statute, opting instead to engage the Low[5] decision and its multifarious factors for a decision to sanction.

25.  Questions of law are reviewed by the appellate court *de novo*.[6]

26.  The trial court abused its discretion in awarding sanctions against Rogers by ignoring the plain language of Texas Civil Practices and Remedies Code §10.004. "A trial court's award of sanctions is reviewed under an abuse of discretion standard. To determine if there is an abuse of discretion, we must look to see if the court acted without reference to any guiding rules and principles." *In the Interest of T.K.W.*, 2010 Tex. App. LEXIS 1040, *11, 2010 WL 546584 (Tex. App. San Antonio Feb. 17, 2010)  (internal citations omitted.)  "A trial court abuses its discretion in imposing sanctions if it bases its order on an incorrect view of the law or an erroneous assessment of the evidence." *Randolph v. Jackson Walker, L.L.P.*, 29 S.W.3d 271, 276 (Tex. App.-Houston [14th Dist.] 2000, pet. denied).  Such an abuse of discretion requires reversal.

[5] *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).
[6] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)

27.    **Sub issue 1-A**: 10.004(b) requires least severe sanctions.  "The sanction must be limited to what is sufficient to deter repetition."  Neither the lower court nor the panel issued an order to perform or refrain from performing any act, the most limited sanction authorized under §10.004(c).  Neither the trial court nor the panel made a finding that the sanctions were limited to what is sufficient to deter repetition.  There was no trial court testimony or other evidence about what was necessary to deter repetition. The court asked multiple questions about sanctions and the *Low* factors while Rogers and opposing counsel were under oath but not regarding what was necessary to deter repetition.

28.    The panel rejected the argument about the lack of evidence, stating that the argument was waived for lack of citation to evidence in the record.  But the point is that there is no evidence in the record.  No one testified about the minimum level of sanction required, and no evidence on the question was presented by any party.  The trial court did not address the issue in its opinion, other than acknowledging the existence of the standard in paragraph 150 and then not addressing it.

29.    **Sub-issue 1-B**: 10.004 (c)(3) limits "an order to pay to the other party" to amounts actually "incurred" "because of the filing of the pleading or motion."  Casar's public filings show amount actually "incurred" was only $31,144.44.  The sanctions order requires the payment of more than $31,144.44.  The maximum award, assuming *all* attorney's fees and *all* costs "actually incurred" were solely

because of the filing of the "sanctionable" portions of the pleading, therefore, is $31,144.44. Any amount over the amounts actually incurred is a penalty, which must be paid to the court. TEX. CIV. PRAC. & REM. CODE 10.004(c)(2).

30.    On page 48 of its opinion, the panel cites "TEX. CIV. PRAC. & REM. CODE §10.004(c)(3) (authorizing as sanction order requiring sanctioned party to pay reasonable expenses incurred as result of filing of pleading, including reasonable attorney's fees)." The panel goes on to assert that Casar's attorney presented evidence of total attorney's fees Casar had incurred. Subsequently, Casar has created and filed with the City of Austin sworn campaign finance filings in which he states that he has no incurred but not paid debt related to his campaign or office holding, and that he has paid only $23,350.00 in legal fees, and only $7,794.44 in legal costs.

31.    This is unsurprising. In his August 12, 2015 order, Judge Mills specifically found that "Casar has not paid any of the legal fees." Supp. CR IV, Vol. 1, p. 5. Casar's sworn filings contradicting his attorney were not, of course, in evidence at the time of trial, as they had not yet been created. But this is not a one-time error. Casar swore *seven* times over a period of eighteen months that he had no outstanding incurred but not paid debt. As Casar has, by his own sworn statements, not "incurred" any debt, under CPRC 10.004(c)(3), the order to pay him must be limited to, at most, the expenses actually "incurred."

32. The trial judge when he was under the mistaken impression that over $200,000 was actually incurred, when he awarded less than $100,000 in sanctions. Under the facts sworn to seven times by Casar, no more than a maximum of $15,000 should be awarded against the two defendants combined, and no more than $8,000 of that against Rogers.

33. **Sub-issue 1-C**: 10.0004 (3) limits sanction to amounts "actually incurred" "because of the filing of the pleading or motion." This is a but/for causation standard. The sanctions must be limited to the amount that was incurred "because of" the "sanctionable" portions of the pleading.

34. The but/for causation standard was explicitly recognized by the Advisory Committee that drafted the 1993 amendment to federal Rule 11, upon which the Texas CPRC 10 amendments are based:

> Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. However, under unusual circumstances, particularly for [subdivision] (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation. Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party. Any such award to another party, however, should not exceed the expenses and attorneys' fees for the services *directly and unavoidably caused* by the violation of the certification requirement. If, for example, a wholly unsupportable count were included in a multi-count complaint or counterclaim for the purpose of needlessly increasing the cost of litigation to an impecunious adversary, any award of expenses

should be limited to those *directly caused* by inclusion of the improper count, and not those resulting from the filing of the complaint or answer itself. ...

Notes of Advisory Committee on Rules—1993 Amendment https://www.law.cornell.edu/rules/frcp/rule_11 (Emphasis added.)

35.　As both the trial and appellate courts admit that the CVR argument – the bulk and heart of the litigation – was not the basis of sanctions, much of the "costs" "actually incurred" was not due to the sanctionable conduct.  Those costs, largely the cost of depositions of Dr. Pressley and the County Clerk, would have been incurred without the additional of the "sanctionable" portions of pleadings. Despite that, the trial court awarded 100% of "costs" to Casar, after conceding that less than 100% of "costs" were due to sanctionable conduct.　Therefore, the trial court has confessed that the "costs" award is in error.  This error alone requires reversal.

36.　**Issue 2**.  The trial court and panel erred in holding that the right to seek sanctions was not foreclosed and barred by the Rule 11 agreement that all issues between the parties were resolved at the time the agreement was made in open court. The panel omitted from consideration the relevant portion of Rule 11 that allows such agreements to be made in open court without attorney signatures.

> **Texas Rule of Civil Procedure 11**.  Agreement to be in writing.
> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record,

or *unless it be made in open court and entered of record*.

37.    The agreement Rogers seeks to enforce was made in open court and entered of record.  The panel asserts, on page 34 of its opinion, that "To be enforceable under Rule 11, agreements between attorneys and parties must be signed."  That is plainly not what the Rule requires.

38.    The colloquy between the Court and the Attorneys at the May 26, 2015 hearing makes it abundantly clear that all parties are agreeing at that time to a "Mother Hubbard" clause that closes all issues in the lawsuit effective on that day. RR (May26,2015) Vol.4 p.120 line 18 – p.121 line 9.

MR. COHEN: Just a minute. Judge, on the order,
I think it should be very clear about this, you have --
you should put a mother hubbard clause in that says that
this order resolves all the issues between all the
parties in the case and is final and appealable. And if
you'll write that in there then we will be able to -- we
won't have the Court of Appeals sending it back for
some –
THE COURT: You want to do that, Mr. -
MR. HERRING: I have no objection to that.
THE COURT: You want me to just write it below
my signature?
MR. HERRING: Sure, that's fine.
THE COURT: What is it you want me to say --
MR. ROGERS: This order resolves all the issues
between all of the parties and it's final and appealable.
THE COURT: There you go.

42.    This agreement meets the Rule 11 plain language requirements, and the explication made by this Court in *Ebner v. First State Bank of Smithville*, 27 S.W.3d 287, 296, (Tex. App.—Austin 2000) (internal citations omitted.)

> "To have a binding, open-court stipulation, the parties must dictate into the record all material terms of the agreement and their assent thereto." The "made in open court" option in Rule 11 has been construed to provide an alternative way to establish an agreement of the parties when the preparation of a written agreement is not practical. (Rule 11 satisfied if "oral waiver or agreement made in open court is described in the judgment or an order of the court").

43.    **Issue #3**  The trial court and the panel erred in holding that a Cast Vote Record ("CVR") is necessarily a ballot image.  A ballot image is a CVR.  A tally sheet is a CVR.  A database record is a CVR.  But all CVRs are not ballot images.



44. Travis County produces Database File Records, which are CVRs, but which are not Ballot Images. *See* Testimony of Dana DeBeauvoir, Supp. RR, Vol. 2, p. 211, line 9-24.

> Q. I want to make sure I understand. So you're saying Hart has one machine that creates ballot images but not cast vote records, and another machine that creates cast vote records but not ballot images?
> A. I think that's fair enough to say.

45. The claims asserted by Rogers during the course of this election contest preclude the imposition of sanctions pursuant to Texas Civil Practice and Remedies Code Chapter 10. Most particularly, the trial court, while unpersuaded by the argument that a CVR which does not contain a cast Ballot Image does not comply with the statute, did not find the assertion sanctionable. This sound argument is the heart of the case.

46. It is uncontested that the relevant Texas statutes were enacted in 1997[7] and 2003.[8] Those statutes require "ballot image storage" and "images of ballots cast."

47. Casar attempts to create ambiguity in the reading of the statutes by asserting that various administrative agencies, years after enactment of the statutes, have redefined the words of the statutes. However, the purported reinterpretations are inconsistent with plain language and incongruent with the meaning of the statutes as understood at the time of their enactment.

---

[7] Texas Election Code, Sec. 128.001(a)(2)
[8] Texas Election Code, Sec. 213.016

48. Administrative redefinition of statutes is not allowed. In *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water, 336 S.W.3d 619, 625 (Tex. 2011*), the Texas Supreme Court reaffirmed its 20 year old rule that deference due to administrative determinations is limited to those that are *"'*reasonable and do[] not contradict the plain language of the statute.'"*.

49. The *Safe Future* Court added that "this deference is tempered by several considerations:"

> It is true that courts give some deference to an agency *regulation* containing a reasonable interpretation of an ambiguous statute. But there are several qualifiers in that statement. First, it applies to *formal opinions* adopted after *formal proceedings*, not isolated comments during a hearing or opinions [in a court brief]. Second, the language at issue must be ambiguous; an agency's *opinion cannot change plain language*. Third, the agency*'s* construction must be reasonable; *alternative unreasonable constructions do not make a policy ambiguous*.

*Id*. (internal citations omitted.) (emphasis added.)

50. Casar has put forward no evidence of any "formal opinions adopted after formal proceedings," and has explicitly attempted to rely on a 2008 "isolated comments during a hearing or opinions [in a court brief]." These comments are due no deference.

51. The plain language of the statutes require an "image" of a "ballot." A "Cast Vote Record," as a mere database record is neither "image" nor "ballot."

52.     In *Texas Dep't of Protective and Regulatory Services v. Mega Child Care,* 145 S.W.3d 170, 177 (Tex. 2004), the Texas Supreme Court, in overruling a 25-year-long pattern of erroneous interpretation of administrative law by this court, made it clear that Texas embraces an unusually strong version of the plain meaning rule.

> If the statutory text is unambiguous, a court must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results.

*See also AIC Mgmt. v. Crews*, 246 S.W.3d 640 (Tex. 2008) (Willet, J., concurring) (internal citations omitted) (citing to *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson,* 209 S.W.3d 644, 652 n.4 (Tex. 2006) and 542 U.S. 241, 267, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004) (Scalia, J., concurring in the judgment).

53.     The language of Texas Election Code 128.001(a)(2) and 213.016 is unambiguous, does not lead to absurd results, and does not work an absurdity or manifest injustice. Therefore, the Court must enforce the plain language requiring the storage and printing of *images* of ballots cast.  Not database records.  Not mere electronic tally sheets.

54.     Casar argues that the plain meaning rule does not apply, because subsequent statements by administrative agencies contradict the plain meaning, citing Texas Government Code 311.011 (b): "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

55.     First, there is no unanimous or consistent re-definition of a "ballot image" as a "Cast Vote Record" at the federal level, within the Texas Secretary of State's Office, or within the manuals of Hart InterCivic governing this very voting system.  The Hart manuals concede that a CVR is not a ballot image.  Hart's own Ballot Now Operations Manual documentation[9] provided to Travis County states that the eScan subsystem scans each paper ballot to create an exact "digital image of the ballot" cast. The eScan creates and stores a ballot image (a bitmap, .bmp file), then reads the data to create a Cast Vote Record.  (Ballot Now manual, CR (Vol. 1) 1422-1729, page 1445 and 1680-1681). Thus, the Travis County's Hart manual refers to the CVR (a data structure used to transfer data for tabulation in Tally) and the ballot image (bitmap, .bmp file) as two different creations.

56.     Furthermore, each suggestion of such a re-definition put forth by Casar is dated AFTER the statutes were enacted in 1997 and 2003,[10] and so were not considered by the legislature, and could not have been intended to have effect in defining statutes written years earlier.  TEX. CONST., ART. 1, SEC. 16. States: "No bill of attainder, ex

---

[9] CR (Vol. 1) 1422-1729, Ballot Now Manual produced by Travis County.  Overview, p. 1445: The voted paper ballots that were printed for processing by an eScan unit at a polling place are scanned by the scanner inside the eScan to create digital images of the voted ballots to extract the cast vote records (CVRs) for delivery to the Tally application.
[10] The Texas Secretary of State references cited are in 2012, 2014 and 2015.  A single Election Assistance Commission reference, which is mischaracterized as described *supra*, is dated 2007. There is no evidence that the "Words and phrases [] ha[d] acquired a technical or particular meaning" prior to statutory enactment.

post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." Administrative redefinitions are not exempt from this rule.

57. The Federal government also defines "Ballot image" without reference to the notion of "Cast Vote Record." In 1990, the Federal Election Commission's Performance and Testing Standard for Punchcard, Marksense, and Direct Recording Electronic Voting Systems (DRE)[11] reported:

> To attain a measure of integrity over the process, DRE systems must also maintain images of each ballot that is cast, such that records of individual ballots are maintained by a subsystem independent and distinct from the main vote detection, diagnostic, processing and reporting path.

58. The FEC distinguishes what would later be known as "Cast Vote Records" from ballot images, saying there should be *two* pathways for vote records in DRE's: a) images of ballots cast capability, and b) vote detection, processing and reporting path for vote data. The CVR is a reporting path/subsystem for reporting vote results to the Tally system and a ballot image is an image file that is independent from a data reporting path.

---

[11] The Court is requested to take judicial notice of this official federal government record, as required under Texas Rule of Evidence 201.
http://votingmachines.procon.org/sourcefiles/fec1990.pdf
*https://josephhall.org/fec_vss_1990_pdf/FEC_1990_Voting_System_Standards.pdf*
The Federal Election Commission's 1990 Performance and Testing Standard for Punchcard, Marksense, and Direct Recording Electronic Voting Systems, p. 48.

59. The Federal Elections Commission's 2002 Voting System's Standards, Volume 1, Performance Standards[12] repeated the 1990 DRE requirement for DRE's two independent pathways for vote data and ballot images. (p. 31-Section 2.2.4.2, p. 60–Section 3.2.1b(2), and page 135—Section 9.5.1.2.a).[13]

60. The Texas Secretary of State's Glossary defines "Ballot image" without reference to notion of "Cast Vote Records,"[14] and does not define "Cast Vote Record." Secretary of State's Glossary of Election Terminology (CR (Volume 1) 1409, p. 2).

61. Casar suggests the SOS may casually redefine the words in statutes based on TEX. ELEC. CODE §52.075, which allows the SOS to "prescribe the form and content of a ballot for a… electronic voting system .. to conform to the formatting requirements of the system." This language does not allow the SoS to ignore the requirement of Texas Election Code, Sec. 128.001(a)(2) for "a main computer to coordinate ballot presentation, vote selection, **ballot image storage**, and result tabulation."

62. The Texas Election Code clearly requires "ballots," "images of ballots

---

[12] The Court is requested to take judicial notice of this official federal government record, as required under Texas Rule of Evidence 201.
*https://www.eac.gov/assets/1/Page/Voting%20System%20Standards%20Volume%20I.pdf*
Elections Commission's 2002 Voting System's Standards, Volume 1, Performance Standards.
[13] But see U.S. Election Assistance Commission Glossary, RR (Vol. 1) 1748.
Federal Election Assistance Commission Glossary 2007, RR (Vol. 1) 1745.
[14] *See* Attached Exhibit RR (Volume 1) 1409, Texas Secretary of State's Glossary of Election Terminology, http://www.sos.state.tx.us/elections/laws/glossary.shtml.

cast," and "ballot images" be counted and used to verify voters' intent. An actual digital, electronic image file in the form of various types such as a bitmap, pdf, jpg, png, etc. is a different type of file from a CVR database file. The legislature's specific language of "ballot image" requires a secondary method for verifying ballot counts. The Travis County method, simply printing out the same CVR data to a predefined CVR template, and counting those CVR's which is what was already electronically counted, is not the independent verification path mandated by the Legislature in order to preserve the integrity of the vote.

**Prayer**

63.     Rogers prays that this Court reverse and render, denying Casar's request for sanctions in its entirety, or in the alternative, that the Court reverse and render and substantially reduce the sanctions. Further in the alternative, Rogers prays the court reverse and remand for further proceedings consistent with those errors the Court determines.

RESPECTFULLY SUBMITTED,

_/s/ David Rogers_
DAVID ROGERS
Law Office of David Rogers
State Bar No. 24014089
1201 Spyglass Drive, Suite 100
Austin, TX 78746 (512) 923-1836
(512) 201-4082 (fax)
Firm@DARogersLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon other parties and Counsel of record for Appellants via the Court's online filing system on this 13th day of February, 2017.

Kurt Kuhn
State Bar No. 24002433
KUHN HOBBS PLLC
3307 Northland Drive, # 310
Austin, Texas 78731
(512) 476-6000 Telephone
(512) 476-6002 Facsimile
Kurt@KuhnHobbs.com


Charles 'Chuck' Herring Jr.
State Bar No. 09534100
Herring & Irwin, L.L.P.
1411 West Avenue, Ste 100
Austin, TX 78701
(512) 320-0665 Telephone
(512) 519-7580 Facsimile
cherring@herring-irwin.com
**ATTORNEYS FOR APPELLEE GREGORIO "GREG" CASAR**


Dr. Laura Pressley
10203 Woodglen Cove
Austin, TX 78753
LauraPressley@startmail.com
*Pro Se*



　　　　　　　　　　　　　　　　　_/s/　　David Rogers_　　　　　　
　　　　　　　　　　　　　　　　　DAVID ROGERS
　　　　　　　　　　　　　　　　　*Pro Se*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document contains 4,496 words.

*/s/David Rogers*
David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]

# Appendix "1"

# CASAR LEGAL EXPENSES & FEES

| DATE | NAME | DESCRIPTION | AMOUNT |
|---|---|---|---|
| 06/30/15 | Herring and Panzer | legal expenses | 7,794.44 |
|  |  |  |  |
| 08/26/15 | Kuhn and Hobbs | legal fees | 15,000.00 |
| 12/28/16 | McGinnis Lochridge | legal fees | 2,750.00 |
| 12/28/16 | Herring and Panzer | legal fees | 2,750.00 |
| 12/28/16 | Kuhn and Hobbs | legal fees | 2,750.00 |
| Expense Subtotal; $7,794.44 | Legal Fees Subtotal: $23,350.00 |  | GRAND TOTAL : $31,044.44 |

Casar Campaign Finance Report 7-15-2015

# CANDIDATE / OFFICEHOLDER
# CAMPAIGN FINANCE REPORT

FORM **C/OH**

COVER SHEET PG 1

| The C/OH Instruction Guide explains how to complete this form. | | **1** Filer ID | **2** Total pages filed: 33 |
|---|---|---|---|

2019 JUL 15 PM 2: 5  AUSTIN CITY CLERK RECEIVED

| **3** CANDIDATE / OFFICEHOLDER NAME | MS / MRS / MR | FIRST Greg | MI | **OFFICE USE ONLY** |
|---|---|---|---|---|
| | NICKNAME | LAST Casar | SUFFIX | Date Received |

| **4** CANDIDATE / OFFICEHOLDER MAILING ADDRESS  ☐ Change of Address | ADDRESS / PO BOX; APT / SUITE #; CITY; ZIP CODE  301 West 2nd Street  Austin, TX 78701 | Date Hand-delivered or Date Postmarked  Receipt #    Amount  Date Processed  Date Imaged |
|---|---|---|

| **5** CAMPAIGN TREASURER NAME | MS / MRS / MR | FIRST Carlton | MI L. |
|---|---|---|---|
| | NICKNAME Lee | LAST Cooke | SUFFIX |

**6** CAMPAIGN TREASURER ADDRESS (Residence or Business)

STREET ADDRESS (NO PO BOX PLEASE); APT / SUITE #; CITY; STATE; ZIP CODE

8121 Bee Cave Road, Suite 100     Austin   TX    78735

**7** CAMPAIGN TREASURER PHONE

AREA CODE   PHONE NUMBER   EXTENSION

(512)   917-8008

**8** REPORT TYPE

| | | | |
|---|---|---|---|
| ☐ January 15 | ☐ 30th day before election | ☐ Runoff | ☐ 15th day after campaign treasurer appointment (officeholder only) |
| ☒ July 15 | ☐ 8th day before election | ☐ Exceeded $500 limit | ☐ Final Report (Attach C/OH-FR) |

**9** PERIOD COVERED

Month Day Year   01/01/2015   THROUGH   Month Day Year   06/30/2015

**10** ELECTION

ELECTION DATE
Month Day Year

ELECTION TYPE
☐ Primary   ☐ Runoff   ☐ Other
☐ General   ☐ Special

**11** OFFICE

OFFICE HELD (if any)
Austin City Council District 4

**12** OFFICE SOUGHT (if known)

## GO TO PAGE 2

# CANDIDATE / OFFICEHOLDER REPORT: SUPPORT & TOTALS

| 13 C / OH NAME | Casar, Greg | 14 Filer ID | |
|---|---|---|---|

| 15 NOTICE FROM POLITICAL COMMITTEE(S) | This box is for notice of political contributions accepted or political expenditures made by political committees to support the candidate / officeholder. *These expenditures may have been made without the candidate's or officeholder's knowledge or consent.* Candidates and officeholders are required to report this information only if they receive notice of such expenditures. |
|---|---|

☐ Additional Pages

| COMMITTEE TYPE | COMMITTEE NAME |
|---|---|
| ☐ GENERAL | |
| ☐ SPECIFIC | COMMITTEE ADDRESS |
| | COMMITTEE CAMPAIGN TREASURER NAME |
| | COMMITTEE CAMPAIGN TREASURER ADDRESS |

| 16 CONTRIBUTION TOTALS | 1. | TOTAL POLITICAL CONTRIBUTIONS OF $50 OR LESS (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS), UNLESS ITEMIZED | $ | 0.00 |
|---|---|---|---|---|
| | 2. | **TOTAL POLITICAL CONTRIBUTIONS** (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS) | $ | 35,785.55 |
| EXPENDITURE TOTALS | 3. | TOTAL POLITICAL EXPENDITURES OF $100 OR LESS, UNLESS ITEMIZED | $ | 0.00 |
| | 4. | **TOTAL POLITICAL EXPENDITURES** | $ | 0.00 |
| CONTRIBUTION BALANCE | 5. | TOTAL POLITICAL CONTRIBUTIONS MAINTAINED AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 34,706.62 |
| OUTSTANDING LOAN TOTALS | 6. | TOTAL PRINCIPAL AMOUNT OF ALL OUTSTANDING LOANS AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 0.00 |

## 17 AFFADAVIT

I swear, or affirm, under penalty of perjury, that the accompanying report is true and correct and includes all information required to be reported by me under Title 15, Election Code.

ROBERTO ACOSTA
Notary Public. State of Texas
My Commission Expires
April 21, 2019

AFFIX NOTARY STAMP / SEAL ABOVE

_____
Signature of Candidate or Officeholder

Sworn to and subscribed before me, by the said GREGORIO CASAR, this the 15th day of JULY, 20 15, to certify which, witness my hand and seal of office.

| _____ | _____ | _____ |
|---|---|---|
| Signature of officer administering | Printed name of officer administering | Title of officer administering oath |
| ROBO ACOSTA | ROBERTO ACOSTA | NOTARY |

**18 FILER NAME**
Casar, Greg

**19 Filer ID**

**20 SCHEDULE SUBTOTALS**
NAME OF SCHEDULE

| | | NAME OF SCHEDULE | SUBTOTAL AMOUNT |
|---|---|---|---|
| 1. | [X] | SCHEDULE A1: MONETARY POLITICAL CONTRIBUTIONS | $ 35,785.55 |
| 2. | [ ] | SCHEDULE A2: NON-MONETARY (IN-KIND) POLITICAL CONTRIBUTIONS | $ |
| 3. | [ ] | SCHEDULE B: PLEDGED CONTRIBUTIONS | $ |
| 4. | [ ] | SCHEDULE E: LOANS | $ |
| 5. | [ ] | SCHEDULE F1: POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ |
| 6. | [ ] | SCHEDULE F2: UNPAID INCURRED OBLIGATIONS | $ |
| 7. | [ ] | SCHEDULE F3: PURCHASE OF INVESTMENTS FROM POLITICAL CONTRIBUTIONS | $ |
| 8. | [ ] | SCHEDULE G: POLITICAL EXPENDITURES FROM PERSONAL FUNDS | $ |
| 9. | [ ] | SCHEDULE H: PAYMENT FROM POLITICAL CONTRIBUTIONS TO A BUSINESS OF C/OH | $ |
| 10. | [X] | SCHEDULE I: NON-POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ 8,873.37 |
| 11. | [ ] | SCHEDULE K: INTEREST, CREDITS, GAINS, REFUNDS, AND CONTRIBUTIONS RETURNED TO FILER | $ |

# NON-POLITICAL EXPENDITURES
# MADE FROM POLITICAL CONTRIBUTIONS

SCHEDULE I

The Instruction Guide explains how to complete this form.

| 1 Total pages Schedule I: Sch: 1/3 Rpt: | 2 FILER NAME Casar, Greg | | 3 Filer ID |
|---|---|---|---|

| 4 Date 06/11/2015 | 5 Payee name Central Market |
|---|---|
| 6 Amount ($) 168.84 | 7 Payee Address; City; State; Zip 4001 N Lamar Blvd. Austin, TX 78756 |
| 8 PURPOSE OF EXPENDITURE | (a) Category (See instructions for examples of acceptable categories) Event Expense | (b) Description (See instructions regarding type of information required.) food for fundraising event |

| Date 06/03/2015 | Payee name First Data |
|---|---|
| Amount ($) 119.60 | Payee Address; City; State; Zip 5565 Glenridge Connector NE Atlanta, GA 30342 |
| PURPOSE OF EXPENDITURE | (a) Category (See instructions for examples of acceptable categories) Accounting/Banking | (b) Description (See instructions regarding type of information required.) merchant account fees |

| Date 06/30/2015 | Payee name Herring & Panzer, L.L.P. |
|---|---|
| Amount ($) 7,794.44 | Payee Address; City; State; Zip 1411 West Avenue, Suite 100 Austin, TX 78701 |
| PURPOSE OF EXPENDITURE | (a) Category (See instructions for examples of acceptable categories) Legal Services | (b) Description (See instructions regarding type of information required.) legal expenses |

| Date 06/11/2015 | Payee name Office Max |
|---|---|
| Amount ($) 5.49 | Payee Address; City; State; Zip 907 W 5th St. Austin, TX 78703 |
| PURPOSE OF EXPENDITURE | (a) Category (See instructions for examples of acceptable categories) Event Expense | (b) Description (See instructions regarding type of information required.) nametags |

Casar Campaign Finance Report 1-15-2016

# CANDIDATE / OFFICEHOLDER
# CAMPAIGN FINANCE REPORT

**FORM C/OH**
**COVER SHEET PG 1**

| | |
|---|---|
| The C/OH instruction Guide explains how to complete this form. | **1** Filer ID |

**2** Total pages filed: 8

| **3** CANDIDATE / OFFICEHOLDER NAME | MS / MRS / MR | FIRST Greg | MI |
|---|---|---|---|
| | NICKNAME | LAST Casar | SUFFIX |

OFFICE USE ONLY

Date Received

2016 JAN 15 PM 3 12

AUSTIN CITY CLERK RECEIVED

Date Hand-delivered or Date Postmarked

Receipt #     Amount

Date Processed

Date Imaged

**4** CANDIDATE / OFFICEHOLDER MAILING ADDRESS

☐ Change of Address

ADDRESS / PO BOX;   APT / SUITE #;   CITY;   ZIP CODE
301 West 2nd Street

Austin, TX 78701

**5** CAMPAIGN TREASURER NAME

| MS / MRS / MR | FIRST Carlton | MI L. |
|---|---|---|
| NICKNAME Lee | LAST Cooke | SUFFIX |

**6** CAMPAIGN TREASURER ADDRESS

(Residence or Business)

STREET ADDRESS (NO PO BOX PLEASE);   APT / SUITE #;   CITY;   STATE;   ZIP CODE

8121 Bee Cave Rd., Ste. 100
Austin, TX 78735

**7** CAMPAIGN TREASURER PHONE

AREA CODE   PHONE NUMBER   EXTENSION

(512)   917-8008

**8** REPORT TYPE

☒ January 15
☐ July 15
☐ 30th day before election
☐ 8th day before election
☐ Runoff
☐ Exceeded $500 limit
☐ 15th day after campaign treasurer appointment (officeholder only)
☐ Final Report (Attach C/OH-FR)

**9** PERIOD COVERED

Month   Day   Year
07/01/2015   THROUGH   Month   Day   Year
12/31/2015

**10** ELECTION

ELECTION DATE
Month   Day   Year

ELECTION TYPE
☐ Primary   ☐ Runoff   ☐ Other
☐ General   ☐ Special

**11** OFFICE

OFFICE HELD (if any)
Austin City Council

**12** OFFICE SOUGHT (if known)

**GO TO PAGE 2**

# CANDIDATE / OFFICEHOLDER REPORT: SUPPORT & TOTALS

| 13 C / OH NAME | Casar, Greg | 14 Filer ID |
|---|---|---|

| 15 NOTICE FROM POLITICAL COMMITTEE(S) | This box is for notice of political contributions accepted or political expenditures made by political committees to support the candidate / officeholder. *These expenditures may have been made without the candidate's or officeholder's knowledge or consent.* Candidates and officeholders are required to report this information only if they receive notice of such expenditures. |
|---|---|

☐ Additional Pages

| COMMITTEE TYPE | COMMITTEE NAME |
|---|---|
| ☐ GENERAL | |
| | COMMITTEE ADDRESS |
| ☐ SPECIFIC | |
| | COMMITTEE CAMPAIGN TREASURER NAME |
| | COMMITTEE CAMPAIGN TREASURER ADDRESS |

| 16 CONTRIBUTION TOTALS | 1. | TOTAL POLITICAL CONTRIBUTIONS OF $50 OR LESS (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS), UNLESS ITEMIZED | $ | 0.00 |
|---|---|---|---|---|
| | 2. | **TOTAL POLITICAL CONTRIBUTIONS** (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS) | $ | 1,180.00 |
| EXPENDITURE TOTALS | 3. | TOTAL POLITICAL EXPENDITURES OF $100 OR LESS, UNLESS ITEMIZED | $ | 0.00 |
| | 4. | **TOTAL POLITICAL EXPENDITURES** | $ | 0.00 |
| CONTRIBUTION BALANCE | 5. | TOTAL POLITICAL CONTRIBUTIONS MAINTAINED AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 9,857.62 |
| OUTSTANDING LOAN TOTALS | 6. | TOTAL PRINCIPAL AMOUNT OF ALL OUTSTANDING LOANS AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 0.00 |

**17 AFFADAVIT**

ROBERTO ACOSTA
Notary Public, State of Texas
Comm. Expires 04-21-2019
Notary ID 130198533

I swear, or affirm, under penalty of perjury, that the accompanying report is true and correct and includes all information required to be reported by me under Title 15, Election Code.

_____
Signature of Candidate or Officeholder

AFFIX NOTARY STAMP / SEAL ABOVE

Sworn to and subscribed before me, by the said GREGORIO CASAR , this the 15TH day of JANUARY , 20 16 , to certify which, witness my hand and seal of office.

| R. Acosta | ROBERTO ACOSTA | NOTARY PUBLIC |
|---|---|---|
| Signature of officer administering | Printed name of officer administering | Title of officer administering oath |

| 18 FILER NAME | 19 Filer ID |
|---|---|
| Casar, Greg | |

| 20 SCHEDULE SUBTOTALS<br>NAME OF SCHEDULE | SUBTOTAL AMOUNT |
|---|---|
| 1. [X] SCHEDULE A1: MONETARY POLITICAL CONTRIBUTIONS | $ 1,180.00 |
| 2. [ ] SCHEDULE A2: NON-MONETARY (IN-KIND) POLITICAL CONTRIBUTIONS | $ |
| 3. [ ] SCHEDULE B: PLEDGED CONTRIBUTIONS | $ |
| 4. [ ] SCHEDULE E: LOANS | $ |
| 5. [ ] SCHEDULE F1: POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ |
| 6. [ ] SCHEDULE F2: UNPAID INCURRED OBLIGATIONS | $ |
| 7. [ ] SCHEDULE F3: PURCHASE OF INVESTMENTS FROM POLITICAL CONTRIBUTIONS | $ |
| 8. [ ] SCHEDULE F4: EXPENDITURES MADE BY CREDIT CARD | $ |
| 9. [ ] SCHEDULE G: POLITICAL EXPENDITURES FROM PERSONAL FUNDS | $ |
| 10. [ ] SCHEDULE H: PAYMENT FROM POLITICAL CONTRIBUTIONS TO A BUSINESS OF C/OH | $ |
| 11. [X] SCHEDULE I: NON-POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ 16,634.56 |
| 12. [ ] SCHEDULE K: INTEREST, CREDITS, GAINS, REFUNDS, AND CONTRIBUTIONS RETURNED TO FILER | $ |

# NON-POLITICAL EXPENDITURES
# MADE FROM POLITICAL CONTRIBUTIONS

**SCHEDULE I**

| | | |
|---|---|---|
| The Instruction Guide explains how to complete this form. | | |

| 1 Total pages Schedule I: Sch: 2/2 Rpt: 7/8 | 2 FILER NAME Casar, Greg | 3 Filer ID |
|---|---|---|

| 4 Date 08/26/2015 | 5 Payee name Kuhn Hobbs PLLC |
|---|---|
| 6 Amount ($) 15,000.00 | 7 Payee Address; City; State; Zip 3307 Northland Dr. Ste. 310 Austin, TX 78731 |

| 8 PURPOSE OF EXPENDITURE | (a) Category (See Instructions for examples of acceptable categories) Legal Services | (b) Description (See instructions regarding type of information required.) Legal fees |
|---|---|---|

| Date 07/01/2015 | Payee name Lopez Saltarelli, Amelia |
|---|---|
| Amount ($) 75.00 | Payee Address; City; State; Zip P. O. Box 1687 Rockport, TX 78381 |

| PURPOSE OF EXPENDITURE | (a) Category (See Instructions for examples of acceptable categories) Solicitation/Fundraising Expense | (b) Description (See Instructions regarding type of information required.) Return of contribution |
|---|---|---|

| Date 08/01/2015 | Payee name McLean & Howard LLP |
|---|---|
| Amount ($) 1,000.00 | Payee Address; City; State; Zip 901 S Mopac Expy Bldg 2, Ste. 225 Austin, TX 78746 |

| PURPOSE OF EXPENDITURE | (a) Category (See Instructions for examples of acceptable categories) Solicitation/Fundraising Expense | (b) Description (See instructions regarding type of information required.) return contribution |
|---|---|---|

Casar Campaign Finance Report 7-15-2016

# CANDIDATE / OFFICEHOLDER
# CAMPAIGN FINANCE REPORT

**FORM C/OH**
**COVER SHEET PG 1**

| The C/OH Instruction Guide explains how to complete this form. | 1 Filer ID | 2 Total pages filed: 5 |
|---|---|---|

| 3 CANDIDATE / OFFICEHOLDER NAME | MS / MRS / MR | FIRST Greg | MI | OFFICE USE ONLY |
|---|---|---|---|---|

NICKNAME / LAST Casar / SUFFIX

**OFFICE USE ONLY**

Date Received

2016 JUL 1 ... AUSTIN CITY CLERK RECEIVED

| 4 CANDIDATE / OFFICEHOLDER MAILING ADDRESS | ADDRESS / PO BOX; APT / SUITE #; CITY; ZIP CODE |
|---|---|
| ☐ Change of Address | 301 West 2nd Street <br> Austin, TX 78701 |

Date Hand-delivered or Date Postmarked

Receipt # / Amount

Date Processed

Date Imaged

| 5 CAMPAIGN TREASURER NAME | MS / MRS / MR | FIRST Carlton | MI L. |
|---|---|---|---|

NICKNAME Lee / LAST Cooke / SUFFIX

| 6 CAMPAIGN TREASURER ADDRESS (Residence or Business) | STREET ADDRESS (NO PO BOX PLEASE); APT / SUITE #; CITY; STATE; ZIP CODE <br><br> 8121 Bee Cave Rd., Ste. 100 <br> Austin, TX 78735 |
|---|---|

| 7 CAMPAIGN TREASURER PHONE | AREA CODE PHONE NUMBER EXTENSION <br> (512) 917-8008 |
|---|---|

| 8 REPORT TYPE | |
|---|---|
| ☐ January 15 | ☐ 30th day before election | ☐ Runoff | ☐ 15th day after campaign treasurer appointment (officeholder only) |
| ☒ July 15 | ☐ 8th day before election | ☐ Exceeded $500 limit | ☐ Final Report (Attach C/OH-FR) |

| 9 PERIOD COVERED | Month Day Year <br> 01/01/2016 | THROUGH | Month Day Year <br> 06/30/2016 |
|---|---|---|---|

| 10 ELECTION | ELECTION DATE <br> Month Day Year <br> 11/08/2016 | ELECTION TYPE <br> ☐ Primary ☐ Runoff ☐ Other <br> ☒ General ☐ Special |
|---|---|---|

| 11 OFFICE | OFFICE HELD (if any) <br> Austin City Council District 4 | 12 OFFICE SOUGHT (if known) <br> Austin City Council District 4 |
|---|---|---|

**GO TO PAGE 2**

| 13 C / OH NAME | Casar, Greg | 14 Filer ID |
|---|---|---|

| 15 NOTICE FROM POLITICAL COMMITTEE(S) | This box is for notice of political contributions accepted or political expenditures made by political committees to support the candidate / officeholder. *These expenditures may have been made without the candidate's or officeholder's knowledge or consent.* Candidates and officeholders are required to report this information only if they receive notice of such expenditures. | | |
|---|---|---|---|
| ☐ Additional Pages | **COMMITTEE TYPE** | **COMMITTEE NAME** | |
| | ☐ GENERAL | **COMMITTEE ADDRESS** | |
| | ☐ SPECIFIC | | |
| | | **COMMITTEE CAMPAIGN TREASURER NAME** | |
| | | **COMMITTEE CAMPAIGN TREASURER ADDRESS** | |

| 16 CONTRIBUTION TOTALS | 1. | TOTAL POLITICAL CONTRIBUTIONS OF $50 OR LESS (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS), UNLESS ITEMIZED | $ | 0.00 |
|---|---|---|---|---|
| | 2. | **TOTAL POLITICAL CONTRIBUTIONS** (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS) | $ | 0.00 |
| EXPENDITURE TOTALS | 3. | TOTAL POLITICAL EXPENDITURES OF $100 OR LESS, UNLESS ITEMIZED | $ | 0.00 |
| | 4. | **TOTAL POLITICAL EXPENDITURES** | $ | 0.00 |
| CONTRIBUTION BALANCE | 5. | TOTAL POLITICAL CONTRIBUTIONS MAINTAINED AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 7,210.62 |
| OUTSTANDING LOAN TOTALS | 6. | TOTAL PRINCIPAL AMOUNT OF ALL OUTSTANDING LOANS AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 0.00 |

**17 AFFADAVIT**

SUSAN HARRY
Notary Public, State of Texas
My Commission Expires
July 23, 2019

I swear, or affirm, under penalty of perjury, that the accompanying report is true and correct and includes all information required to be reported by me under Title 15, Election Code.

_____
Signature of Candidate or Officeholder

AFFIX NOTARY STAMP / SEAL ABOVE

Sworn to and subscribed before me, by the said _____Greg Casar_____, this the ___15th___ day of ___July___, 20_16_, to certify which, witness my hand and seal of office.

_____
Signature of officer administering

_____Susan Harry_____
Printed name of officer administering

_____Notary_____
Title of officer administering oath

| **18** FILER NAME | **19** Filer ID |
|---|---|
| Casar, Greg | |

**20** SCHEDULE SUBTOTALS

| NAME OF SCHEDULE | SUBTOTAL AMOUNT |
|---|---|
| 1. ☐ SCHEDULE A1: MONETARY POLITICAL CONTRIBUTIONS | $ |
| 2. ☐ SCHEDULE A2: NON-MONETARY (IN-KIND) POLITICAL CONTRIBUTIONS | $ |
| 3. ☐ SCHEDULE B: PLEDGED CONTRIBUTIONS | $ |
| 4. ☐ SCHEDULE E: LOANS | $ |
| 5. ☐ SCHEDULE F1: POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ |
| 6. ☐ SCHEDULE F2: UNPAID INCURRED OBLIGATIONS | $ |
| 7. ☐ SCHEDULE F3: PURCHASE OF INVESTMENTS FROM POLITICAL CONTRIBUTIONS | $ |
| 8. ☐ SCHEDULE F4: EXPENDITURES MADE BY CREDIT CARD | $ |
| 9. ☐ SCHEDULE G: POLITICAL EXPENDITURES FROM PERSONAL FUNDS | $ |
| 10. ☐ SCHEDULE H: PAYMENT FROM POLITICAL CONTRIBUTIONS TO A BUSINESS OF C/OH | $ |
| 11. ☒ SCHEDULE I: NON-POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ 1,647.00 |
| 12. ☐ SCHEDULE K: INTEREST, CREDITS, GAINS, REFUNDS, AND CONTRIBUTIONS RETURNED TO FILER | $ |

Casar Campaign Finance Report 10-11-2016

# CANDIDATE / OFFICEHOLDER
# CAMPAIGN FINANCE REPORT

FORM C/OH
COVER SHEET PG 1

| The C/OH Instruction Guide explains how to complete this form. | 1  Filer ID | 2  Total pages filed: 74 |
|---|---|---|

| 3  CANDIDATE / OFFICEHOLDER NAME | MS / MRS / MR | FIRST Greg | | MI | **OFFICE USE ONLY** |
|---|---|---|---|---|---|

OFFICE USE ONLY

Date Received

2016 OCT 11  PM 1 54

AUSTIN CITY CLERK RECEIVED

Date Hand-delivered or Date Postmarked

Receipt #   Amount

Date Processed

Date Imaged

| NICKNAME | LAST Casar | SUFFIX |
|---|---|---|

**4  CANDIDATE / OFFICEHOLDER MAILING ADDRESS**

☐ Change of Address

ADDRESS / PO BOX;   APT / SUITE #;   CITY;   ZIP CODE
P.O. Box 2391

Austin, TX 78768

**5  CAMPAIGN TREASURER NAME**

MS / MRS / MR   FIRST Gustavo   MI

NICKNAME   LAST Garcia   SUFFIX

**6  CAMPAIGN TREASURER ADDRESS**
(Residence or Business)

STREET ADDRESS (NO PO BOX PLEASE);   APT / SUITE #;   CITY;   STATE;   ZIP CODE
7401 Ophelia Dr.
Austin, TX  78752

**7  CAMPAIGN TREASURER PHONE**

AREA CODE   PHONE NUMBER   EXTENSION
(512)   452-3857

**8  REPORT TYPE**

☐ January 15   ☒ 30th day before election   ☐ Runoff   ☐ 15th day after campaign treasurer appointment (officeholder only)

☐ July 15   ☐ 8th day before election   ☐ Exceeded $500 limit   ☐ Final Report (Attach C/OH-FR)

**9  PERIOD COVERED**

Month   Day   Year
07/01/2016   THROUGH   Month   Day   Year
09/29/2016

**10  ELECTION**

ELECTION DATE
Month   Day   Year
11/08/2016

ELECTION TYPE
☐ Primary   ☐ Runoff   ☐ Other
☒ General   ☐ Special

**11  OFFICE**

OFFICE HELD (if any)
Austin City Council District 4

**12  OFFICE SOUGHT (if known)**
Austin City Council Place 4

**GO TO PAGE 2**

Forms provided by Texas Ethics Commission          www.ethics.state.tx.us          Version V1.0.1096

| 13 C / OH NAME | Casar, Greg | 14 Filer ID |
|---|---|---|

| 15 NOTICE FROM POLITICAL COMMITTEE(S) | This box is for notice of political contributions accepted or political expenditures made by political committees to support the candidate / officeholder. *These expenditures may have been made without the candidate's or officeholder's knowledge or consent.* Candidates and officeholders are required to report this information only if they receive notice of such expenditures. | |
|---|---|---|
| ☐ Additional Pages | COMMITTEE TYPE | COMMITTEE NAME |
| | ☐ GENERAL | |
| | | COMMITTEE ADDRESS |
| | ☐ SPECIFIC | |
| | | COMMITTEE CAMPAIGN TREASURER NAME |
| | | COMMITTEE CAMPAIGN TREASURER ADDRESS |

| 16 CONTRIBUTION TOTALS | 1. | TOTAL POLITICAL CONTRIBUTIONS OF $50 OR LESS (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS), UNLESS ITEMIZED | $ | 0.00 |
|---|---|---|---|---|
| | 2. | **TOTAL POLITICAL CONTRIBUTIONS** (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS) | $ | 34,450.50 |
| EXPENDITURE TOTALS | 3. | TOTAL POLITICAL EXPENDITURES OF $100 OR LESS, UNLESS ITEMIZED | $ | 114.27 |
| | 4. | **TOTAL POLITICAL EXPENDITURES** | $ | 62,469.63 |
| CONTRIBUTION BALANCE | 5. | TOTAL POLITICAL CONTRIBUTIONS MAINTAINED AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 25,038.49 |
| OUTSTANDING LOAN TOTALS | 6. | TOTAL PRINCIPAL AMOUNT OF ALL OUTSTANDING LOANS AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 20.00 |

**17 AFFADAVIT**

I swear, or affirm, under penalty of perjury, that the accompanying report is true and correct and includes all information required to be reported by me under Title 15, Election Code.

SUSAN HARRY
Notary Public, State of Texas
My Commission Expires
July 23, 2019

Signature of Candidate or Officeholder

AFFIX NOTARY STAMP / SEAL ABOVE

Sworn to and subscribed before me, by the said _Greg Casar_, this the _11th_ day of _October_, 20 _16_, to certify which, witness my hand and seal of office.

Signature of officer administering | Printed name of officer administering _Susan Harry_ | Title of officer administering oath _Notary_

# SUBTOTALS - C/OH

| **18** FILER NAME | **19** Filer ID |
|---|---|
| Casar, Greg | |

| **20** SCHEDULE SUBTOTALS NAME OF SCHEDULE | | SUBTOTAL AMOUNT |
|---|---|---|
| 1. [X] SCHEDULE A1: MONETARY POLITICAL CONTRIBUTIONS | $ | 33,831.00 |
| 2. [X] SCHEDULE A2: NON-MONETARY (IN-KIND) POLITICAL CONTRIBUTIONS | $ | 619.50 |
| 3. ☐ SCHEDULE B: PLEDGED CONTRIBUTIONS | $ | |
| 4. ☐ SCHEDULE E: LOANS | $ | |
| 5. [X] SCHEDULE F1: POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ | 62,469.63 |
| 6. ☐ SCHEDULE F2: UNPAID INCURRED OBLIGATIONS | $ | |
| 7. ☐ SCHEDULE F3: PURCHASE OF INVESTMENTS FROM POLITICAL CONTRIBUTIONS | $ | |
| 8. ☐ SCHEDULE F4: EXPENDITURES MADE BY CREDIT CARD | $ | |
| 9. ☐ SCHEDULE G: POLITICAL EXPENDITURES FROM PERSONAL FUNDS | $ | |
| 10. ☐ SCHEDULE H: PAYMENT FROM POLITICAL CONTRIBUTIONS TO A BUSINESS OF C/OH | $ | |
| 11. ☐ SCHEDULE I: NON-POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ | |
| 12. ☐ SCHEDULE K: INTEREST, CREDITS, GAINS, REFUNDS, AND CONTRIBUTIONS RETURNED TO FILER | $ | |

Casar Campaign Finance Report 10-14-2016

# CORRECTION/AMENDMENT AFFIDAVIT
## FOR CANDIDATE/OFFICEHOLDER

FORM COR-C/OH

| 1 Filer ID (Ethics Commission Filers) | 2 Total pages filed: 37 | OFFICE USE ONLY |
|---|---|---|

| 3 CANDIDATE / OFFICEHOLDER NAME | MS / MRS / MR | FIRST Gregorio | MI | Date Received |
|---|---|---|---|---|
| | NICKNAME | LAST Casar | SUFFIX | |

2015 OCT 14 PM 3 AUSTIN CITY CLERK RECEIVED

**4 ORIGINAL REPORT TYPE**

[X] January 15    [ ] Runoff    [ ] Other (specify)

[ ] July 15    [ ] Exceeded $500 limit

[ ] 30th day before election    [ ] 15th day after treasurer appointment (officeholder only)

[ ] 8th day before election    [ ] Final report

Date Hand-delivered or Date Postmarked

Receipt #    Amount $

**5 ORIGINAL PERIOD COVERED**

Month 12 / Day 07 / Year 2014 THROUGH Month 12 / Day 31 / Year 2014

Date Processed

Date Imaged

**6 EXPLANATION OF CORRECTION**

The original report inadvertently did not include Form 2-2-42.

**7 AFFIDAVIT**

I swear, or affirm, under penalty of perjury, that this corrected report is true and correct.

Check ONLY if applicable:

[X] **Semiannual reports:** I swear, or affirm, that the original report was made in good faith and without an intent to mislead or to misrepresent the information contained in the report.

**Other reports:** I swear, or affirm, that I am filing this corrected report not later than the 14th business day after the date I learned that the report as originally filed is inaccurate or incomplete. I swear, or affirm, that any error or omission in the report as originally filed was made in good faith.

_____
Signature of Candidate or Officeholder

SUSAN HARRY
Notary Public, State of Texas
My Commission Expires
July 23, 2019

AFFIX NOTARY STAMP / SEAL ABOVE

Sworn to and subscribed before me, by the said _Greg Casar_ , this the _14th_ day of _October_

20 _15_ , to certify which, witness my hand and seal of office.

_____    Susan Harry    Notary
Signature of officer administering oath    Printed name of officer administering oath    Title of officer administering oath

**Remember To Attach Any Part Of The Campaign Finance Report Form
Needed To Report And Explain Corrections**

Forms provided by Texas Ethics Commission    www.ethics.state.tx.us    Revised 04/27/2015

Casar Campaign Finance Report 10-31-2016

# CANDIDATE / OFFICEHOLDER
# CAMPAIGN FINANCE REPORT

**FORM C/OH**
**COVER SHEET PG 1**

| | |
|---|---|
| The C/OH Instruction Guide explains how to complete this form. | **1** Filer ID |

**2** Total pages filed: 37

| 3 CANDIDATE / OFFICEHOLDER NAME | MS / MRS / MR | FIRST Greg | MI | **OFFICE USE ONLY** |
|---|---|---|---|---|

Date Received

2016 OCT 31   AUSTIN CITY CLERK RECEIVED

| | NICKNAME | LAST Casar | SUFFIX |
|---|---|---|---|

| 4 CANDIDATE / OFFICEHOLDER MAILING ADDRESS  ☐ Change of Address | ADDRESS / PO BOX; APT / SUITE #; CITY; ZIP CODE <br> P.O. Box 2391 <br><br> Austin, TX 78768 | Date Hand-delivered or Date Postmarked <br><br> Receipt #   Amount <br><br> Date Processed <br><br> Date Imaged |
|---|---|---|

| 5 CAMPAIGN TREASURER NAME | MS / MRS / MR | FIRST Gustavo | MI |
|---|---|---|---|
| | NICKNAME | LAST Garcia | SUFFIX |

| 6 CAMPAIGN TREASURER ADDRESS (Residence or Business) | STREET ADDRESS (NO PO BOX PLEASE); APT / SUITE #; CITY; STATE; ZIP CODE <br> 7401 Ophelia Dr. <br> Austin, TX 78752 |
|---|---|

| 7 CAMPAIGN TREASURER PHONE | AREA CODE 512   PHONE NUMBER 452.3857   EXTENSION |
|---|---|

**8 REPORT TYPE**

☐ January 15      ☐ 30th day before election      ☐ Runoff      ☐ 15th day after campaign treasurer appointment (officeholder only)

☐ July 15      ☒ 8th day before election      ☐ Exceeded $500 limit      ☐ Final Report (Attach C/OH-FR)

| 9 PERIOD COVERED | Month Day Year <br> 09/30/2016 | THROUGH | Month Day Year <br> 10/29/2016 |
|---|---|---|---|

**10 ELECTION**

ELECTION DATE
Month Day Year
11/08/2016

ELECTION TYPE
☐ Primary   ☐ Runoff   ☐ Other
☒ General   ☐ Special

| 11 OFFICE | OFFICE HELD (if any) <br> Austin City Council District 4 | 12 OFFICE SOUGHT (if known) <br> Austin City Council District 4 |
|---|---|---|

**GO TO PAGE 2**

# CANDIDATE / OFFICEHOLDER REPORT: SUPPORT & TOTALS

| 13 C / OH NAME | Casar, Greg | 14 Filer ID |
|---|---|---|

| 15 NOTICE FROM POLITICAL COMMITTEE(S) | This box is for notice of political contributions accepted or political expenditures made by political committees to support the candidate / officeholder. *These expenditures may have been made without the candidate's or officeholder's knowledge or consent.* Candidates and officeholders are required to report this information only if they receive notice of such expenditures. |
|---|---|

☐ Additional Pages

| COMMITTEE TYPE | COMMITTEE NAME |
|---|---|
| ☒ GENERAL | Travis County Democratic Party |
| | COMMITTEE ADDRESS |
| ☐ SPECIFIC | P.O. Box 684263 |
| | Austin, TX 78768 |
| | COMMITTEE CAMPAIGN TREASURER NAME |
| | Harding, Vincent |
| | COMMITTEE CAMPAIGN TREASURER ADDRESS |
| | 7204 Hartnell Drive |
| | Austin, TX 78723 |

| 16 CONTRIBUTION TOTALS | 1. | TOTAL POLITICAL CONTRIBUTIONS OF $50 OR LESS (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS), UNLESS ITEMIZED | $ | 0.00 |
|---|---|---|---|---|
| | 2. | **TOTAL POLITICAL CONTRIBUTIONS** (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS) | $ | 16,857.35 |
| EXPENDITURE TOTALS | 3. | TOTAL POLITICAL EXPENDITURES OF $100 OR LESS, UNLESS ITEMIZED | $ | 0.00 |
| | 4. | **TOTAL POLITICAL EXPENDITURES** | $ | 30,464.04 |
| CONTRIBUTION BALANCE | 5. | TOTAL POLITICAL CONTRIBUTIONS MAINTAINED AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 27,274.87 |
| OUTSTANDING LOAN TOTALS | 6. | TOTAL PRINCIPAL AMOUNT OF ALL OUTSTANDING LOANS AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 20.00 |

## 17 AFFADAVIT

SUSAN HARRY
Notary Public, State of Texas
My Commission Expires
July 23, 2019

I swear, or affirm, under penalty of perjury, that the accompanying report is true and correct and includes all information required to be reported by me under Title 15, Election Code.

Signature of Candidate or Officeholder

AFFIX NOTARY STAMP / SEAL ABOVE

Sworn to and subscribed before me, by the said _Greg Casar_, this the _31st_ day of _October_, 20 _16_, to certify which, witness my hand and seal of office.

Signature of officer administering | Printed name of officer administering _Susan Harry_ | Title of officer administering oath _Notary_

# SUBTOTALS - C/OH

| **18** FILER NAME<br>Casar, Greg | **19** Filer ID |
|---|---|

| **20** SCHEDULE SUBTOTALS<br>NAME OF SCHEDULE | | | SUBTOTAL AMOUNT |
|---|---|---|---|
| 1. | [X] | SCHEDULE A1: MONETARY POLITICAL CONTRIBUTIONS | $ 16,545.00 |
| 2. | [X] | SCHEDULE A2: NON-MONETARY (IN-KIND) POLITICAL CONTRIBUTIONS | $ 312.35 |
| 3. | [ ] | SCHEDULE B: PLEDGED CONTRIBUTIONS | $ |
| 4. | [ ] | SCHEDULE E: LOANS | $ |
| 5. | [X] | SCHEDULE F1: POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ 30,464.04 |
| 6. | [ ] | SCHEDULE F2: UNPAID INCURRED OBLIGATIONS | $ |
| 7. | [ ] | SCHEDULE F3: PURCHASE OF INVESTMENTS FROM POLITICAL CONTRIBUTIONS | $ |
| 8. | [ ] | SCHEDULE F4: EXPENDITURES MADE BY CREDIT CARD | $ |
| 9. | [ ] | SCHEDULE G: POLITICAL EXPENDITURES FROM PERSONAL FUNDS | $ |
| 10. | [ ] | SCHEDULE H: PAYMENT FROM POLITICAL CONTRIBUTIONS TO A BUSINESS OF C/OH | $ |
| 11. | [ ] | SCHEDULE I: NON-POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ |
| 12. | [ ] | SCHEDULE K: INTEREST, CREDITS, GAINS, REFUNDS, AND CONTRIBUTIONS RETURNED TO FILER | $ |

Casar Campaign Finance Report 11-2-2016

# CORRECTION/AMENDMENT AFFIDAVIT
# FOR CANDIDATE/OFFICEHOLDER

**FORM COR-C/OH**

| 1 Filer ID (Ethics Commission Filers) | 2 Total pages filed:<br>41 | OFFICE USE ONLY |
|---|---|---|

| 3 CANDIDATE /<br>OFFICEHOLDER<br>NAME | MS / MRS / MR | FIRST<br>Greg | MI | Date Received |
|---|---|---|---|---|
| | NICKNAME | LAST<br>Casar | SUFFIX | |

**4 ORIGINAL REPORT TYPE**

- [ ] January 15
- [ ] July 15
- [ ] 30th day before election
- [✓] 8th day before election
- [ ] Runoff
- [ ] Exceeded $500 limit
- [ ] 15th day after treasurer appointment (officeholder only)
- [ ] Final report
- [ ] Other (specify) _____

*Date Hand-delivered or Date Postmarked*

*Receipt #*    *Amount $*

**2016 NOV -2**   **AUSTIN CITY CLERK RECEIVED**

| 5 ORIGINAL PERIOD COVERED | Month | Day | Year | | Month | Day | Year |
|---|---|---|---|---|---|---|---|
| | 09 / | 30 / | 2016 | THROUGH | 10 / | 29 / | 2016 |

Date Processed

Date Imaged

**6 EXPLANATION OF CORRECTION**

We have just received a notice of expenditure that was mailed to the campaign PO Box but not received prior to filing the original report. This report includes that notice. In addition, after reviewing the instructions for form ATX.5 we believe the intent is for lobbyists to be listed even if they were not the bundler or did not make a donation on this report. We have updated form ATX.5 and it is included in this amended report.

**7 AFFIDAVIT**

I swear, or affirm, under penalty of perjury, that this corrected report is true and correct.

Check ONLY if applicable:

- [ ] **Semiannual reports:** I swear, or affirm, that the original report was made in good faith and without an intent to mislead or to misrepresent the information contained in the report.

- [✓] **Other reports:** I swear, or affirm, that I am filing this corrected report not later than the 14th business day after the date I learned that the report as originally filed is inaccurate or incomplete. I swear, or affirm, that any error or omission in the report as originally filed was made in good faith.

> SUSAN HARRY
> Notary Public, State of Texas
> My Commission Expires
> July 23, 2019

AFFIX NOTARY STAMP / SEAL ABOVE

_____
Signature of Candidate or Officeholder

Sworn to and subscribed before me, by the said _Greg Casar_, this the _2nd_ day of _November_

20 _16_ to certify which, witness my hand and seal of office.

| _____ | _Susan Harry_ | _Notary_ |
|---|---|---|
| Signature of officer administering oath | Printed name of officer administering oath | Title of officer administering oath |

**Remember To Attach Any Part Of The Campaign Finance Report Form**
**Needed To Report And Explain Corrections**

| **18** FILER NAME | **19** Filer ID |
|---|---|
| Casar, Greg | |

| **20** SCHEDULE SUBTOTALS<br>NAME OF SCHEDULE | | SUBTOTAL AMOUNT |
|---|---|---|
| 1. [X] SCHEDULE A1: MONETARY POLITICAL CONTRIBUTIONS | | $ 16,545.00 |
| 2. [X] SCHEDULE A2: NON-MONETARY (IN-KIND) POLITICAL CONTRIBUTIONS | | $ 312.35 |
| 3. [ ] SCHEDULE B: PLEDGED CONTRIBUTIONS | | $ |
| 4. [ ] SCHEDULE E: LOANS | | $ |
| 5. [X] SCHEDULE F1: POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | | $ 30,464.04 |
| 6. [ ] SCHEDULE F2: UNPAID INCURRED OBLIGATIONS | | $ |
| 7. [ ] SCHEDULE F3: PURCHASE OF INVESTMENTS FROM POLITICAL CONTRIBUTIONS | | $ |
| 8. [ ] SCHEDULE F4: EXPENDITURES MADE BY CREDIT CARD | | $ |
| 9. [ ] SCHEDULE G: POLITICAL EXPENDITURES FROM PERSONAL FUNDS | | $ |
| 10. [ ] SCHEDULE H: PAYMENT FROM POLITICAL CONTRIBUTIONS TO A BUSINESS OF C/OH | | $ |
| 11. [ ] SCHEDULE I: NON-POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | | $ |
| 12. [ ] SCHEDULE K: INTEREST, CREDITS, GAINS, REFUNDS, AND CONTRIBUTIONS RETURNED TO FILER | | $ |

Casar Campaign Finance Report 1-17-2017

# CANDIDATE / OFFICEHOLDER
# CAMPAIGN FINANCE REPORT

FORM **C/OH**
COVER SHEET PG 1

The C/OH Instruction Guide explains how to complete this form.

| 1 Filer ID | 2 Total pages filed: |
|---|---|
| | 6 |

| 3 CANDIDATE / OFFICEHOLDER NAME | MS / MRS / MR | FIRST Greg | | MI |
|---|---|---|---|---|
| | NICKNAME | LAST Casar | | SUFFIX |

**OFFICE USE ONLY**

Date Received

2017 JAN 17 AM 11 32 AUSTIN CITY CLERK RECEIVED

| 4 CANDIDATE / OFFICEHOLDER MAILING ADDRESS<br>☐ Change of Address | ADDRESS / PO BOX; APT / SUITE #; CITY; ZIP CODE<br>PO Box 2391<br><br>Austin, TX 78768 |
|---|---|

Date Hand-delivered or Date Postmarked

Receipt #    Amount

Date Processed

Date Imaged

| 5 CAMPAIGN TREASURER NAME | MS / MRS / MR | FIRST Carlton | MI L. |
|---|---|---|---|
| | NICKNAME Lee | LAST Cooke | SUFFIX |

| 6 CAMPAIGN TREASURER ADDRESS<br>(Residence or Business) | STREET ADDRESS (NO PO BOX PLEASE); APT / SUITE #; CITY; STATE; ZIP CODE<br>8121 Bee Cave Rd., Ste. 100<br>Austin, TX 78735 |
|---|---|

| 7 CAMPAIGN TREASURER PHONE | AREA CODE (512) | PHONE NUMBER 917-8008 | EXTENSION |
|---|---|---|---|

| 8 REPORT TYPE | |
|---|---|
| ☒ January 15 | ☐ 30th day before election ☐ Runoff ☐ 15th day after campaign treasurer appointment (officeholder only) |
| ☐ July 15 | ☐ 8th day before election ☐ Exceeded $500 limit ☐ Final Report (Attach C/OH-FR) |

| 9 PERIOD COVERED | Month Day Year 07/01/2016 THROUGH Month Day Year 12/31/2016 |
|---|---|

| 10 ELECTION | ELECTION DATE<br>Month Day Year | ELECTION TYPE<br>☐ Primary ☐ Runoff ☐ Other<br>☐ General ☐ Special |
|---|---|---|

| 11 OFFICE | OFFICE HELD (if any)<br>Austin City Council District 4 | 12 OFFICE SOUGHT (if known)<br>Austin City Council District 4 |
|---|---|---|

**GO TO PAGE 2**

| 13 C / OH NAME | Casar, Greg | 14 Filer ID |
|---|---|---|

| 15 NOTICE FROM POLITICAL COMMITTEE(S) | This box is for notice of political contributions accepted or political expenditures made by political committees to support the candidate / officeholder. *These expenditures may have been made without the candidate's or officeholder's knowledge or consent.* Candidates and officeholders are required to report this information only if they receive notice of such expenditures. |
|---|---|

☐ Additional Pages

| COMMITTEE TYPE | COMMITTEE NAME |
|---|---|
| ☐ GENERAL | |
| | COMMITTEE ADDRESS |
| ☐ SPECIFIC | |
| | COMMITTEE CAMPAIGN TREASURER NAME |
| | COMMITTEE CAMPAIGN TREASURER ADDRESS |

| 16 CONTRIBUTION TOTALS | 1. | TOTAL POLITICAL CONTRIBUTIONS OF $50 OR LESS (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS), UNLESS ITEMIZED | $ | 50.00 |
|---|---|---|---|---|
| | 2. | **TOTAL POLITICAL CONTRIBUTIONS** (OTHER THAN PLEDGES, LOANS, OR GUARANTEES OF LOANS) | $ | 1,050.00 |
| EXPENDITURE TOTALS | 3. | TOTAL POLITICAL EXPENDITURES OF $100 OR LESS, UNLESS ITEMIZED | $ | 0.00 |
| | 4. | **TOTAL POLITICAL EXPENDITURES** | $ | 0.00 |
| CONTRIBUTION BALANCE | 5. | TOTAL POLITICAL CONTRIBUTIONS MAINTAINED AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 5,510.62 |
| OUTSTANDING LOAN TOTALS | 6. | TOTAL PRINCIPAL AMOUNT OF ALL OUTSTANDING LOANS AS OF THE LAST DAY OF THE REPORTING PERIOD | $ | 0.00 |

**17 AFFADAVIT**

I swear, or affirm, under penalty of perjury, that the accompanying report is true and correct and includes all information required to be reported by me under Title 15, Election Code.

_____
Signature of Candidate or Officeholder

AFFIX NOTARY STAMP / SEAL ABOVE

Sworn to and subscribed before me, by the said _Greg Casar_, this the _17th_ day of _January_, 20_17_, to certify which, witness my hand and seal of office.

_____ _____ _____
Signature of officer administering    Printed name of officer administering _Susan Harry_    Title of officer administering oath _Notary_

# SUBTOTALS - C/OH

| **18** FILER NAME | **19** Filer ID |
|---|---|
| Casar, Greg | |

| **20** SCHEDULE SUBTOTALS<br>NAME OF SCHEDULE | | SUBTOTAL AMOUNT |
|---|---|---|
| 1. [X] SCHEDULE A1: MONETARY POLITICAL CONTRIBUTIONS | $ | 1,050.00 |
| 2. [ ] SCHEDULE A2: NON-MONETARY (IN-KIND) POLITICAL CONTRIBUTIONS | $ | |
| 3. [ ] SCHEDULE B: PLEDGED CONTRIBUTIONS | $ | |
| 4. [ ] SCHEDULE E: LOANS | $ | |
| 5. [ ] SCHEDULE F1: POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ | |
| 6. [ ] SCHEDULE F2: UNPAID INCURRED OBLIGATIONS | $ | |
| 7. [ ] SCHEDULE F3: PURCHASE OF INVESTMENTS FROM POLITICAL CONTRIBUTIONS | $ | |
| 8. [ ] SCHEDULE F4: EXPENDITURES MADE BY CREDIT CARD | $ | |
| 9. [ ] SCHEDULE G: POLITICAL EXPENDITURES FROM PERSONAL FUNDS | $ | |
| 10. [ ] SCHEDULE H: PAYMENT FROM POLITICAL CONTRIBUTIONS TO A BUSINESS OF C/OH | $ | |
| 11. [X] SCHEDULE I: NON-POLITICAL EXPENDITURES FROM POLITICAL CONTRIBUTIONS | $ | 8,250.00 |
| 12. [ ] SCHEDULE K: INTEREST, CREDITS, GAINS, REFUNDS, AND CONTRIBUTIONS RETURNED TO FILER | $ | |

# NON-POLITICAL EXPENDITURES
# MADE FROM POLITICAL CONTRIBUTIONS

SCHEDULE I

| | | |
|---|---|---|
| The Instruction Guide explains how to complete this form. | | |

| 1 Total pages Schedule I:<br>Sch: 1/1 Rpt: 5/6 | 2 FILER NAME<br>Casar, Greg | 3 Filer ID |
|---|---|---|
| **4 Date**<br>12/28/2016 | **5 Payee name**<br>Herring & Panzer LLP | |
| **6 Amount ($)**<br>2,750.00 | **7 Payee Address; City; State; Zip**<br>1411 West Avenue, Suite 100<br><br>Austin, TX 78701 | |
| **8 PURPOSE<br>OF<br>EXPENDITURE** | (a) Category (See instructions for examples of acceptable categories)<br>Legal Services | (b) Description (See instructions regarding type of information required.)<br>Legal fees |
| **Date**<br>12/28/2016 | **Payee name**<br>Kuhn Hobbs PLLC | |
| **Amount ($)**<br>2,750.00 | **Payee Address; City; State; Zip**<br>3307 Northland Dr Suite 310<br><br>Austin, TX 78731 | |
| **PURPOSE<br>OF<br>EXPENDITURE** | (a) Category (See instructions for examples of acceptable categories)<br>Legal Services | (b) Description (See instructions regarding type of information required.)<br>Legal fees |
| **Date**<br>12/28/2016 | **Payee name**<br>McGinnis Lochridge | |
| **Amount ($)**<br>2,750.00 | **Payee Address; City; State; Zip**<br>600 Congress Ave #2100<br><br>Austin, TX 78701 | |
| **PURPOSE<br>OF<br>EXPENDITURE** | (a) Category (See instructions for examples of acceptable categories)<br>Legal Services | (b) Description (See instructions regarding type of information required.)<br>Legal fees |

# Appendix "2"

# Law Offices of David Rogers
## Profit & Loss
### January through June 2015

|  | Jan - Jun 15 |
|---|---|
| **Ordinary Income/Expense** |  |
| **Income** |  |
| **Legal Fee Income** |  |
| Legal Fee Income | 100,140.00 |
| Shared Clients Pymts | -26,716.56 |
| **Total Legal Fee Income** | 73,423.44 |
| **Total Income** | 73,423.44 |
| **Gross Profit** | 73,423.44 |
| **Expense** |  |
| Appeal Fees | 450.00 |
| **Automobile Expense** |  |
| Gasoline | 543.02 |
| Parking | 78.00 |
| Repair & Maintenance | 460.09 |
| Tolls | 10.25 |
| **Total Automobile Expense** | 1,091.36 |
| Bank Service Charges | 47.00 |
| Bonds | 150.00 |
| Computer and Internet Expenses | 5,461.47 |
| Continuing Education | 615.00 |
| Contract Labor | 61,443.46 |
| Contributions | 32.00 |
| Dues and Subscriptions | 90.00 |
| Filing Fees | 3,550.63 |
| Interest Expense | 49.68 |
| License & Permit | 220.94 |
| Meals and Entertainment | 1,172.31 |
| Office Expenses | 1,437.52 |
| Office Supplies | 573.91 |
| Postage and Delivery | 398.22 |
| Record Fees | 1,533.05 |
| Rent Expense | 9,500.00 |
| Storage | 771.00 |
| **Taxes** |  |
| Others | 500.07 |
| **Total Taxes** | 500.07 |
| Telephone Expense | 1,223.14 |
| Transcripts | -5.50 |
| **Total Expense** | 90,305.26 |
| **Net Ordinary Income** | -16,881.82 |
| **Other Income/Expense** |  |
| **Other Income** |  |
| Interest Income | 0.78 |
| **Total Other Income** | 0.78 |
| **Net Other Income** | 0.78 |
| **Net Income** | -16,881.04 |